TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Nancy Mota

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Mota,<br><br>           Plaintiff,<br><br>     vs.<br><br>Hameroff Law Group; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Nancy Mota, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Defendants' invasions of Plaintiff's personal privacy, and the intentional infliction of emotional distress by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Nancy Mota (hereafter "Plaintiff"), is an adult individual residing in Peoria, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Hameroff Law Group (hereafter "Hameroff"), is a company with an address of, 3443 East Fort Lowell Road, Suite 101, Tucson, Arizona, 85716, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Hameroff whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Hameroff at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An alleged financial obligation (the "Debt) was incurred to Wells Fargo Bank, an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Hameroff for collection, or Hameroff was employed by the Creditor to collect the Debt.

11. Hameroff attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Hameroff Engages in Harassment and Abusive Tactics

12. Within the last year, Hameroff contacted Plaintiff in an attempt to collect the Debt, which was incurred by Plaintiff's estranged husband, Vladimir Castillo (the "Debtor").

13. The Debtor incurred the Debt prior to his marriage with Plaintiff.

3

14. The Debtor incurred the Debt when he was married to another woman, Claudia Chacon.

15. On multiple occasions, Hameroff called Plaintiff and asked to speak with the Debtor and with Claudia Chacon. Plaintiff advised Hameroff that she was not the Debtor, advised Hameroff that she was not Claudia Chacon, provided Hameroff with the Debtor's contact information, provided Hameroff with Claudia Chacon's contact information, and requested that Hameroff cease all further calls to her.

16. Despite Plaintiff's unequivocal requests that Hameroff stop calling her, Hameroff continued placing calls to Plaintiff, requesting to speak with the Debtor and with Claudia Chacon.

17. Hameroff also called Plaintiff repeatedly during work hours. Plaintiff instructed Hameroff to refrain from calling her during work hours as well, but Hameroff refused to abide by Plaintiff's request and continued to call Plaintiff at a time known to be inconvenient for Plaintiff.

18. Hameroff initiated legal action against Plaintiff without serving Plaintiff with legal process.

19. As a result of Hameroff's failure to serve Plaintiff, Hameroff obtained an invalid and illegal default judgment against Plaintiff.

4

20. As a further result of Hameroff's failure to serve Plaintiff, Hameroff initiated an invalid and illegal garnishment action against Plaintiff and proceeded to garnish Plaintiff's wages.

### C. Plaintiff Suffered Actual Damages

21. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

5

26. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. Defendants made false, deceptive, and misleading representations in connection with the debt collection, in violation of 15 U.S.C. § 1692e.

29. Defendants misrepresented the legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

30. Defendants threatened to take legal action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

31. Defendants used deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

32. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

33. Defendants attempted to collect an amount not permitted by law, in violation of 15 U.S.C. § 1692f(1).

34. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.   Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38.   Arizona further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

39.   Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls after being informed that she was not the Debtor and was not Claudia Chacon, and after being informed that she could not accept phone calls at work.

40.   The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

41.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

43.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45.     The acts, practices and conduct engaged in by Defendants vis-à-vis Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

46.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

47.     As a result of Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

8

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy, and intentional infliction of emotional distress in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: September 10, 2014 | LEMBERG LAW, LLC |
| 2 | | |
| 3 | | By: */s/ Trinette G. Kent* |
| 4 | | Trinette G. Kent |
| 5 | | Attorney for Plaintiff, |
| 6 | | Nancy Mota |